**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **PINNACLE AGRICULTURE** **DISTRIBUTION, INC. doing business as** **SANDERS,** | §§§§ | |
| **Plaintiff,** | §§ | |
| **v.** | §§§ | **Case No. 5:19-cv-00133** |
| **SANDRA JO LOTHRINGER and** **GREG LEE LOTHRINGER,** | §§§§ | |
| **Defendants.** | § | |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

PINNACLE AGRICULTURE DISTRIBUTION, INC. doing business as SANDERS ("<u>Plaintiff</u>") files its Original Complaint complaining of SANDRA JO LOTHRINGER and GREG LEE LOTHRINGER (collectively, "<u>Defendants</u>") and respectfully shows the Court as follows:

**I.**
<u>**PARTIES**</u>

1.     Plaintiff is a Mississippi corporation with its principal place of business in Loveland County, Colorado.

2.     Defendant SANDRA JO LOTHRINGER is a Texas citizen and may be served with process at her place of business or abode at the following address or wherever she may be found: 11607 FM 117 W, Dilley, Frio County, TX 78017.

3.     Defendant GREG LEE LOTHRINGER is a Texas citizen and may be served with process at her place of business or abode at the following address or wherever he may be found: 11607 FM 117 W, Dilley, Frio County, TX 78017.

**II.**
**JURISDICTION AND VENUE**

4.      Plaintiff incorporates herein by reference the above-numbered and below-numbered paragraphs.

5.      Plaintiff is a citizen of Colorado and Mississippi.  Plaintiff is a corporation incorporated under the laws of Mississippi with its principal place of business in Colorado. Defendants are citizens of Frio County, Texas.  The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

6.      Venue is proper in this District under 28 U.S.C. § 1391 because Defendants reside in this District.

**III.**
**FACTS**

7.      Plaintiff seeks to recover a liquidated debt owed by Defendants in connection with the sale of agricultural products as set forth herein.

8.      Plaintiff is an agriculture wholesaler dedicated to providing seed, chemicals, and fertilizer to its clients.

9.      Defendants and Plaintiff entered into that certain Settlement Agreement and Release dated on or about May 29, 2018 (the "Agreement") (*see* Exhibit "A-1") with regard to then-past due amounts owed to Plaintiff for goods and services purchased by Defendants for use in Defendants' farming and agricultural business operations, and in connection therewith, that certain Note and Security Agreement payable by Defendants to Pinnacle on or about February 26, 2017 with an extended maturity date of January 15, 2018.

10.     Pursuant to the terms of the Agreement, Defendants "did not dispute" that they were indebted to Plaintiff in the amount of $538,435.93 (the "Indebtedness").

11.     Pursuant to the terms of the Agreement, Defendants further agreed to pay the Indebtedness in the following monthly installments: The first installment of not less than $100,000.00 due on or before June 19, 2018; and monthly installments thereafter beginning on July 19, 2018 of not less than $75,000.00 until the balance is paid in full.

12.     Defendants made monthly installment payments for June in the amount of $100,000.00, July in the amount of $75,000.00, August in the amount of $75,000.00, September in the amount of $75,000.00, October in the amount of $75,000.00, and a partial payment for November in the amount of $35,000.00.

13.     Defendants are in default of the Agreement due to Defendants' failure to make the remaining monthly installment payments in accordance with the Agreement.

14.     The Indebtedness and Agreement represent a transaction or series of transactions for which a systematic record has been kept and maintained by Plaintiff, as shown in Plaintiff's customer statement (the "Customer Statement") (*see* Exhibit "A-2"). The Customer Statement represents the principal amount due as the date of filing to be $79,010.52, exclusive of accrued interest and additional interest that will accrue, costs, and attorney's fees.  The Customer Statement also reflects that the principal balance has accrued interest through January 31, 2019 in the amount of $36,338.35.  Interest will continues to accrue pursuant to Paragraph 2 of the Agreement.

15.     Defendants, therefore, are indebted to Plaintiff in the amount of $115,348.87, plus interest that will accrue, costs, and attorney's fees.

16.     This amount is just and true, is past due and owing, and all lawful credits, payments, and offsets have been allowed.

17.     By letter dated May 1, 2018, Plaintiff presented its claim to Defendants, but the foregoing amount remains unpaid (s*ee* Exhibit "A-3").

18.      Plaintiff now sues Defendants for the following amounts: principal sum due and owing of $79,010.52, plus accrued interest through January 31, 2019 in the amount of $36,338.35, after allowing for all just and lawful offsets, payments, and credits, plus interest that will accrue, costs, and attorney's fees.

19.      The Declaration of Nick Koski, including <u>Exhibits "A-1", "A-2", and "A-3"</u> thereto, is attached hereto as <u>Exhibit "A"</u> and fully incorporated by reference herein for all purposes.

**IV.**
**<u>COUNT ONE</u>**
**<u>BREACH OF CONTRACT</u>**

20.      Plaintiff incorporates herein by reference the above-numbered and below-numbered paragraphs.

21.      Plaintiff and Defendants entered into a valid contract or contracts regarding repayment of funds used to purchase goods and services.  Plaintiff has fully performed its obligations under such contract or contracts.  Despite demand, Defendants have failed to pay amounts due and owing under such contact or contracts.  Defendants' failure to pay the outstanding balance constitutes breach of contract.

22.      As a result of Defendant's breach of contract, Plaintiff is entitled to recover the following amounts: principal sum due and owing of $79,010.52, plus accrued interest through January 31, 2019 in the amount of $36,338.35, after allowing for all just and lawful offsets, payments, and credits, plus interest that will accrue, costs, and attorney's fees.

## V.
## COUNT TWO
## ATTORNEY'S FEES AND COSTS

23.     Plaintiff incorporates herein by reference the above-numbered and below-numbered paragraphs.

24.     As a result of Defendants' conduct, Plaintiff retained the services of Johnson Stephens & Leal, PLLC, licensed attorneys, to enforce its rights and protect its legal interests and has agreed to pay Johnson Stephens & Leal, PLLC its reasonable and necessary attorney's fees and expenses.

25.     Plaintiff has presented its claim and demand for payment in writing to Defendant by demanding payment of the sums alleged.  Plaintiff's demand was presented more than thirty (30) days before the trial hereof.

26.     Plaintiff is entitled to its reasonable and necessary attorney's fees under Chapter 38 of the Texas Civil Procedures & Remedies Code.

## VI.
## CONDITIONS PRECEDENT

27.     All conditions precedent to recovery for the relief sought herein have occurred or have been satisfied.

28.     Plaintiff affirmatively pleads the discovery rule as it relates to the limitation periods applicable to the claims herein.  This Complaint was filed within the applicable limitations periods or filed within the limitations period from the time Plaintiff discovered or should have discovered, through the exercise of reasonable care and diligence, the facts establishing the elements of the asserted claims or causes of action asserted herein.  Plaintiff also affirmatively pleads that any limitations period has been tolled.

## VII.
## <u>PRAYER</u>

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer herein and that upon final hearing or trial of this cause, Plaintiff be granted judgment against Defendants for the following:

1. Judgment against Defendants as set forth herein above, and in an amount proven at trial or hearing within the jurisdictional limits of this Court;

2. Benefit of the bargain damages, out of pocket costs, reliance damages, and actual and economic damages;

3. Reasonable and necessary attorney's fees through trial and all subsequent appeals;

4. Costs of court;

5. Pre-judgment interest as allowed by contract law;

6. Post-judgment interest as allowed by contract law;

7. All writs and processes necessary to effectuate the relief granted; and

8. Such other and further relief, at law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

JOHNSON STEPHENS & LEAL, PLLC

By: */s/ Sarah L. Stephens*
      Sarah L. Stephens
      State Bar No. 24086110
      sstephens@jsllawfirm.com
      4809 Cole Avenue, Suite 260
      Dallas, TX 75205
      (972) 646-0624 Telephone
      (214) 919-5941 Facsimile

**ATTORNEYS FOR PLAINTIFF**